UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MICHAEL GOULDIE,** individually and on behalf of all others similarly situated,<br><br>v.<br><br>**TRACE STAFFING SOLUTIONS, LLC.** | Docket No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

# ORIGINAL COLLECTIVE ACTION COMPLAINT

1. Michael Gouldie (Gouldie or Plaintiff) brings this lawsuit to recover unpaid overtime wages and other damages from Trace Staffing Solutions, LLC under the Fair Labor Standards Act ("FLSA").

2. Plaintiff Gouldie worked for Trace Staffing Solutions, LLC (Trace Staffing) as a Recruiter during the relevant time period.

3. Plaintiff and the other workers like him regularly worked for Trace Staffing in excess of forty (40) hours each week.

4. But these workers never received overtime for hours worked in excess of forty (40) hours in a single workweek.

5. Instead of paying overtime as required by the FLSA, Trace Staffing improperly classified Plaintiff and those similarly situated workers as exempt employees and paid them a salary with no overtime compensation.

6. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## I.     JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

9. Gouldie worked for Trace Staffing in Macon, Georgia.

10. Trace Staffing conducts substantial business operations in this District and Division.

## II.     THE PARTIES

11. Gouldie worked for Trace Staffing as a Recruiter from approximately June 2016 until October 2018.

12. Gouldie worked for Trace Staffing in Macon, Georgia.

13. Throughout his employment with Trace Staffing, Gouldie was classified as an exempt employee and paid a salary with no overtime compensation.

14. Gouldie's consent to be a party Plaintiff is attached as <u>Exhibit A</u>.

15. Throughout his employment with Trace Staffing, Gouldie was classified as an exempt employee and paid a salary with no overtime

compensation.

16. Gouldie brings this action on behalf of himself and all other similarly situated workers who were classified as recruiters and paid a salary with no overtime compensation. Trace Staffing paid each of these workers a salary for each day worked on location and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA.

17. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All current and former salaried recruiters employed by Trace Staffing at any time during the past three years (the "Salaried Recruiters")**.

18. **Trace Staffing Solutions, LLC,** is a Georgia limited liability corporation doing business throughout the United States. Trace Staffing may be served by serving its registered agent for service of process, **Corporation Service Company at 40 Technology Parkway South, Ste. 300, Norcoss, GA 30092**, or wherever it may be found.

### III.   COVERAGE UNDER THE FLSA

19. At all times hereinafter mentioned, Trace Staffing has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20. At all times hereinafter mentioned, Trace Staffing has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

21. At all times hereinafter mentioned, Trace Staffing has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as computers, cell phones, and office supplies - that have been moved in or produced for commerce by any person and in that Trace Staffing have had and have an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level).

22. At all times hereinafter mentioned, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

### IV.   FACTS

23. Trace Staffing is an employment and staffing company operating throughout the United States, including in Georgia.

24. To provide services to its clients, Trace Staffing employs recruiting personnel, including Salaried Recruiters.

25. Many of the individuals who worked for Trace Staffing were paid a salary and misclassified as exempt employees, and these make up the proposed Putative Class. While the exact job titles and job duties may differ, the Putative

Class Members are and were subjected to the same or similar illegal pay practices for similar work. These so-called exempt employees were paid a salary for each day worked, regardless of the number of hours that they worked that day (or in that workweek) without any overtime pay for hours that they worked in excess of forty (40) hours in a workweek.

26. For example, Gouldie worked for Trace Staffing as a Salaried Recruiter during the relevant time period (in Georgia). Throughout his employment with Trace Staffing, he was classified as an exempt employee and paid a salary with no overtime compensation.

27. As a Salaried Recruiter, Gouldie regularly worked more than forty (40) hours each week without receiving overtime compensation. Gouldie frequently worked approximately sixty (60) hours each week.

28. As a Salaried Recruiter, Gouldie (and all other recruiters) performed non-exempt job duties including calling potential employees for placement into companies that contracted with Trace Staffing.

29. The job functions of Plaintiff and the Putative Class Members were primarily technical in nature, requiring little to no official training, much less a college education or other advanced degree.

30. Plaintiff and the Putative Class Members perform the same or similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

31. Plaintiff and the Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

32. The work Plaintiff performed was an essential and integral part of Trace Staffing's core business.

33. No advanced degree is required to become a recruiter. In fact, Trace Staffing regularly hired Salaried Recruiters who only have a high-school diploma (or less).

34. Being a Salaried Recruiter does not require specialized academic training as a standard prerequisite.

35. For example, Gouldie does not have any advanced degree.

36. Plaintiff and the Putative Class Members did not have any supervisory or management duties.

37. To the extent the recruiters make "decisions," such decisions do not require the exercise of independent discretion and judgment.

38. Instead, the Salaried Recruiters apply well-established techniques and procedures and use established standards to evaluate any issues.

39. Salaried Recruiters do not set the techniques and procedures utilized to perform their job duties and do not set quality standards.

40. Salaried Recruiters are not allowed to deviate from the techniques and procedures utilized to perform their job duties or from any quality standards.

41. With these job duties, the Salaried Recruiters are clearly non-exempt employees under the FLSA.

42. Trace Staffing does not pay its Salaried Recruiters overtime for hours worked in excess of forty (40) in a single workweek.

43. Instead, Trace Staffing pays these workers a base salary for days worked in the office.

44. Plaintiff and the Salaried Recruiters worked for Trace Staffing in the past three years throughout the United States, including in Georgia.

45. As a result of Trace Staffing's pay policies, Plaintiff and the Putative Class Members were denied the overtime pay required by federal law, because these workers are, for all purposes, employees performing non-exempt job duties.

46. Trace Staffing keeps accurate records of the hours, or at least the days, its Salaried Recruiters work.

47. Trace Staffing also keeps accurate records of the amount of pay its Salaried Recruiters receive.

48. Because Gouldie (and Trace Staffing's other Salaried Recruiters) was misclassified as exempt employees by Trace Staffing, they should receive overtime for all hours that they worked in excess of forty (40) hours in each workweek.

### V. FLSA VIOLATIONS

49. As set forth herein, Trace Staffing has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

50. Trace Staffing knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Gouldie and the Putative Class Members overtime compensation. Trace Staffing's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

51. Accordingly, Plaintiff and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

### VI. COLLECTIVE ACTION ALLEGATIONS

52. Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices Trace Staffing imposed on Gouldie were likewise imposed on the Putative Class Members.

53. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

54. Numerous other individuals who worked with Plaintiff indicated they were improperly classified as exempt employees, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

55. Based on his experiences and tenure with Trace Staffing, Gouldie is aware that Trace Staffing's illegal practices were imposed on the Putative Class Members.

56. The Putative Class Members were all improperly classified as exempt employees and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

57. Trace Staffing's failure to pay wages and overtime compensation at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

58. The specific job titles or precise job locations of the Putative Class Members do not prevent collective treatment.

59. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Trace Staffing will reap the unjust benefits of violating the FLSA.

60. Furthermore, even if some of the Putative Class Members could afford individual litigation against Trace Staffing, it would be unduly burdensome to the judicial system.

61. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

62. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

## VII.  JURY DEMAND

63. Plaintiff demands a trial by jury.

## VIII.  RELIEF SOUGHT

64. WHEREFORE, Plaintiff prays for judgment against Trace Staffing as follows:

a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. For an Order pursuant to Section 16(b) of the FLSA finding Trace Staffing liable for unpaid back wages due Plaintiff and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

c. For an Order appointing Plaintiff and his counsel as Class Counsel to represent the interests of the FLSA class;

d. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

                Respectfully submitted,

                By: */s/ Justin T. Holcombe*
                     Justin T. Holcombe
                     Georgia Bar No. 552100
                     jholcombe@skaarandfeagle.com
                     Kris Skaar
                     Georgia Bar No. 649610

kskaar@skaarandfeagle.com
**SKAAR & FEAGLE, LLP**
133 Mirramont Lake Drive
Woodstock, GA 30189
770 / 427-5600
404 / 601-1855 fax

AND

Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**