UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MICHAEL GOULDIE,<br>    Plaintiff,<br><br>v.<br><br>TRACE STAFFING SOLUTIONS, LLC,<br>    Defendant. | CIVIL ACTION<br>NO. 5:21-cv-00088-TES |

## JOINT MOTION FOR SETTLEMENT APPROVAL

Plaintiff Michael Gouldie ("Plaintiff") and Defendant Trace Staffing Solutions, LLC ("Defendant") (collectively "the Parties"), by and through their undersigned counsel, jointly move for Court approval of the mutually agreed-upon terms of settlement in this action, in which Plaintiff seeks allegedly unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"). Because this action and Plaintiff's claim arise under the Fair Labor Standard Act ("FLSA"), the Parties' settlement agreements must be approved by this Court and said approval must be entered as a stipulated final judgment.

Plaintiff filed his Complaint on March 15, 2021, alleging that Defendant improperly classified him as an exempt employee and failed to pay overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"). Defendant denies Plaintiff's allegations that he was improperly classified as an exempt employee, that he was not compensated properly, that he is entitled to overtime compensation, and that he is entitled to any damages whatsoever under the FLSA. However, the Parties and their counsel both understood the risks of continuing to litigate this matter, including Plaintiff receiving no compensation or Defendant being liable for more that it believes is owed. Each Party believes this settlement is a

fair and reasonable compromise of all claims under the FLSA and respectfully asks this Court to approve the Parties' settlement.

There are two ways that FLSA claims may be settled, compromised, or released. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The first, which has no application in the instant case, permits resolution of claims under the supervision of the United States Department of Labor. *Id*. The second, which does apply in the instant case, permits judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

When asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. *Wingrove v. D.A. Technologies, Inc.*, 2011 WL 7307626, *2 (N.D. Ga. Feb. 11, 2011); *see also Parker v. Chuck Stevens Chevrolet of Atmore, Inc.,* No. 12-0461-WS-C, 2013 WL 3818886, *2 (S.D. Ala. July 23, 2013) ("In reviewing FLSA settlements under *Lynn's Food*, courts should be mindful of the strong presumption in favor of finding a settlement fair."). The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement agreements to resolve and release Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action brought by the Plaintiff against his former employer, which was adversarial in nature. During the litigation and settlement of this action, Plaintiff was represented by experienced counsel.

The Parties agree that the instant action involves disputed issues regarding the payment of overtime wages under the FLSA. The Parties dispute whether Plaintiff was exempt from overtime and paid for all hours worked. Defendant contends that Plaintiff was properly classified as exempt and compensated for all hours worked, while Plaintiff alleges that he did not perform exempt duties and that Defendant owes him an overtime premium for all time worked over 40 hours per week. The Parties also dispute the number of hours Plaintiff worked, including whether he even worked over 40 hours per week. The Parties further dispute whether the two-year or three-year statute of limitations applies, as well as whether liquidated damages are appropriate. Defendant contends that it can satisfy the elements of the "good faith defense" to liquidated damages, 29 U.S.C. § 260, and that its conduct was not willful so that the two-year statute of limitations applies to Plaintiff's claim, 29 U.S.C. § 259. Plaintiff contends that liquidated damages are appropriate, and that the three-year statute of limitations applies to his claims. However, if the two-year statute applies, Plaintiff's claim would be completely time-barred.

The Parties agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. The Parties' counsel discussed the disputed factual and legal issues over the phone and over electronic mail. The Parties also conducted their own fact investigations into the allegations, briefed conditional certification, formulated their own damages calculations, exchanged written discovery, and engaged in third-party discovery. The Parties then engaged in settlement discussions based upon their independent calculations, the results of their respective investigations, and the discovery produced. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement agreements during negotiations. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

Where the parties' proposed settlement is facially reasonable, an in-depth analysis of the requested attorney's fees is unnecessary. *See Hirsch v. Mister Sparky, Inc.*, No. 1:09-cv-2897-TWT, 2010 WL 11603091, at *3 (N.D. Ga. Oct. 19, 2010) ("As there is no unreasonableness apparent from the face of the documents, the Court did not conduct an in-depth analysis of the attorney's fees sought or determine the market rate for Plaintiff's counsel."). Here, the Parties conducted written discovery, briefed an opposed motion for conditional certification, and served third party subpoenas. Based on the work performed in this case, the attorney's fees amount represents less than Plaintiff's counsel's lodestar. The Parties' settlement should be approved in its entirety. *See Price v. Atlanta Financial Associates, Inc.*, No. 1:10-cv-1601-HLM-WEJ, 2010 WL 11598120, at *3 (N.D. Ga. Nov. 23, 2013) ("Although defendant admits no wrongdoing, paying the amounts agreed upon in the Settlement Agreement will, or should, spur defendant to ensure future compliance with its FLSA obligations. Therefore, the undersigned REPORTS that the Settlement Agreement furthers implementation of the FLSA in the workplace.").

**WHEREFORE**, The Parties respectfully move for Court approval of the negotiated settlement terms pursuant to *Lynn's Food Stores, Inc.* and respectfully request that the Court enter an Order that:

a.   Grants the Parties' Joint Motion for Settlement Approval;

b.   Approves of the terms of the Agreement as fair and reasonable; and

c.   Dismisses this action WITH PREJUDICE.

Respectfully submitted this 25th day of February, 2022.

*/s/ Carl A. Fitz*
Carl A. Fitz
TX Bar No. 24105863
JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050

*/s/Harry M. Rowland, III*
Margaret Santen
GA Bar No. 578314
Harry M. Rowland, III
GA Bar No. 946192

Houston, Texas 77046
cfitz@mybackwages.com

*Attorneys for Plaintiffs*

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
191 Peachtree Street, N.E., Suite 4800
Atlanta, GA 30303
Telephone: 404.881.1300
Facsimile: 404.870.1732
maggie.santen@ogletree.com
harry.rowland@ogletree.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MICHAEL GOULDIE,<br>     Plaintiff,<br><br>v.<br><br>TRACE STAFFING SOLUTIONS, LLC,<br>     Defendant. | CIVIL ACTION<br>NO. 5:21-cv-00088-TES |

## CERTIFICATE OF SERVICE

I certify that on February 25, 2022, I electronically filed JOINT MOTION FOR SETTLEMENT APPROVAL with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Justin T. Holcombe
Kris Skaar
SKAAR & FEAGLE, LLP
133 Mirramont Lake Drive
Woodstock, GA 30189
Telephone: 770.427.5600
Facsimile: 404.601.1855
Email: jholcombe@skaarandfeagle.com
Email: kskaar@skaarandfeagle.com

Michael A. Josephson
Andrew W. Dunlap
JOSEPHSON DUNLAP LAW FIRM
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Telephone: 713-352-1100
Facsimile: 713-352-3300
Email: mjosephson@mybackwages.com
Email: adunlap@mybackwages.com

Richard J. (Rex) Burch
Texas Bar No. 24001807
BRUCKNER BURCH PLLC

6

8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: 713-877-8788
Facsimile: 713-877-8065
Email: rburch@brucknerburch.com
*Attorneys for Plaintiff*

*/s/Harry M. Rowland, III*
Harry M. Rowland, III
GA Bar No. 946192