## **SETTLEMENT AGREEMENT AND RELEASE**

Subject to Court approval, this Settlement Agreement and Release ("Settlement Agreement"), including the attached Exhibits, is entered into between: (a) Plaintiff Michael Gouldie ("Plaintiff"), for himself individually and on behalf of, his spouse (if any), beneficiaries, heirs, administrators, executors, assigns, agents and representatives; and (b) Defendant Trace Staffing Solutions, LLC ("Defendant") and its parent and/or affiliated entities. Plaintiff and Defendant together shall be referred to as "the Parties."[1]

In consideration of the promises and covenants set forth in this Settlement Agreement (and the attached Exhibits), the Parties stipulate and agree that the Action, as defined below, will be settled and compromised upon the terms and conditions set forth in this Settlement Agreement and will be dismissed with prejudice. The Parties intend this Settlement Agreement to fully and finally compromise, resolve, discharge, release, and settle the claims released in this Settlement Agreement and to dismiss the Action with prejudice, subject to Court approval and to the terms and conditions set forth below, and without any admission or concession as to the merits of any claim or defense by any of the Parties.

NOW, THEREFORE, the Parties enter into this Settlement Agreement, and the Parties agree that upon the Court's approval of the Settlement Agreement: (1) the Action shall be settled and compromised as between the Parties; and (2) the proposed Approval Order and Dismissal with Prejudice in the form of Exhibit 1 shall be entered:

## 1.   DEFINITIONS

In addition to various terms defined elsewhere, the terms listed in this Section shall have the meanings ascribed to them for purposes of this Settlement Agreement.

1.1   Action: means the lawsuit captioned *Michael Gouldie, individually and on behalf of all others similarly situated, v. Trace Staffing Solutions, LLC*, case number 5:21-cv-00088-TES, filed by Plaintiff in the Middle District of Georgia, Macon Division, on March 15, 2021.

1.2   Approval Order: means the Order to be entered by the Court substantially in the form of Exhibit 1 that fully and finally approves this Settlement Agreement and dismisses the action with prejudice.

1.3   Attorneys' Fees and Costs: means such funds as agreed to by the Parties in the amount of Six Thousand, Two-Hundred Seventeen and 45/100 Dollars ($6,217.45) to compensate Plaintiff's Counsel for their fees, costs, and expenses. Specifically, of this amount, $5,200.00 is payment for Plaintiff's Counsel's fees and $1,017.45 is payment for Plaintiff's Counsel's costs and expenses.

---

[1] Capitalized terms, except where such usage is self-evident, are principally defined in Section 1 below. A few terms are separately defined.

1.4 <u>Complaint</u>: means the Original Collective Action Complaint filed in the Action as ECF No. 1.

1.5 <u>Court</u>: means the Middle District of Georgia, Macon Division.

1.6 <u>Covered Period</u>: For FLSA claims means three years prior to the date Plaintiff filed the Action, through the date Plaintiff's employment relationship with Defendant ended, specifically and only as follows: March 15, 2018 to October 3, 2018.

    1.6.1 While the Covered Period ends on the date Plaintiff's employment relationship with Defendant ended, the Released Claims shall extend up to an including the Effective Date.

1.7 <u>Defense Counsel</u>: means Maggie Santen of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

1.8 <u>Effective Date</u>: shall be the first day after the date on which all of the following have occurred:

    (a) Plaintiff's Counsel has delivered to Defense Counsel fully executed copies of this Settlement Agreement executed by Plaintiff and all necessary W-9s;

    (b) The Court has approved the Parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice; and

    (c) The Court's Judgment has become final and all time for any appeals has passed.

1.9 <u>Plaintiff</u>: means Michael Gouldie.

1.10 <u>Plaintiff's Counsel</u>: means Carl Fitz of Josephson Dunlap, LLP.

1.11 <u>Released Claims:</u> mean any and all claims, demands, causes of action, rights to relief, fees and liabilities of any kind, whether known or unknown, either that were asserted in or could have been asserted in the Action, that Plaintiff has or may have against any of the Releasees (as defined below), from the beginning of time through the Effective Date, including, but not limited to, all claims under common law contract, tort, or other law, as well as all claims under federal, state, local, or foreign laws, including but not limited to all claims arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*; Georgia or other applicable state's Wage and Labor Laws; Georgia or other applicable state's common law; Georgia or other applicable state's administrative law; or Georgia or other applicable state's statutory law that are derivative of, or in any way related to, any wage and hour, overtime, benefits or other claims based on the Plaintiff's alleged misclassification as an employee exempt from overtime; any other claim allegedly arising from the Plaintiff's alleged misclassification as an employee exempt from overtime; and any penalty, interest, taxes or additional damages or costs which arise from or relate to the claims described above under applicable federal, state or local laws, statutes, or regulations.

1.12     <u>Releasees</u>: means Trace Staffing Solutions, LLC, Hire Dynamics, LLC, Hire Dynamics Holding Corp, Hire Dynamics Skilled Staffing, LLC, and any and all current and former parents, subsidiaries, related companies or entities, partnerships, joint ventures, or other affiliates, and, with respect to each of them, all of their predecessors and successors, benefits plans and programs, insurers, contractors, subcontractors, successors, and assigns, and, with respect to each such entity, any and all of its past, present, and future employees, trustees, officers, directors, stockholders, owners, representatives, assigns, attorneys, administrators, fiduciaries, agents, insurers, trustees, and any other persons acting by, through, under, or in concert with any of these persons or entities and their successors and assigns.

1.13     <u>Settlement or Settlement Agreement</u>: means this Settlement Agreement and Release, including all attached Exhibits.

1.14     <u>Settlement Payment</u>: means the amount Plaintiff is to receive under the Settlement Agreement and as calculated in Section 7 below.

## 2. JURISDICTION

2.1     The Court has jurisdiction over the Parties and the subject matter of the Action. If any Party or Parties to this Settlement Agreement is not subject to the personal jurisdiction of the Court, the Parties hereby consent to the jurisdiction of the Court for all claims and all Parties for settlement purposes only, and such Party or Parties reserves the right to assert lack of personal jurisdiction in any other lawsuit (except for any lawsuit to enforce this Settlement Agreement).

2.2     If and once the Settlement Agreement is fully and finally approved, the Court will dismiss the Action with prejudice.

2.3     Failure to obtain the approval of this Settlement Agreement in the same or substantially similar format proposed to the Court, including, but not limited to, any failure as a result of any appeal of the Court's Approval Order and Judgment, will cause this Settlement Agreement to be void and unenforceable and to have no further force and effect unless otherwise agreed to by the Parties.

## 3. STATEMENT OF NO ADMISSION

3.1     Defendant denies liability for any claim or cause of action presented or alleged or that could have been presented or alleged in the Action, and Defendant denies that Plaintiff is entitled to relief of any kind in the Action.

3.2     This Settlement Agreement does not constitute an admission by Defendant as to the merits, validity, or accuracy of the allegations or claims made against it in the Action and may not be construed as or deemed an admission of liability, culpability, negligence, willfulness, or wrongdoing on the part of Defendant.

3.3     Nothing in this Settlement Agreement is intended by the Parties or may be used by anyone for any purpose inconsistent with this Settlement Agreement, or may be introduced in any way as evidence, to show or establish any misconduct, or improper practices, plans, or policies, or any violation of any federal, state, or local law, statute, ordinance, regulation, rule, or executive

order, or any obligation or duty at law or in equity. Notwithstanding the foregoing, this Settlement Agreement may be used in any proceeding in this Court that has as its purpose the enforcement of the Settlement Agreement.

## 4. CLAIMS OF PLAINTIFF AND BENEFITS OF SETTLEMENT

4.1    Plaintiff believes that the claims asserted in the Action have merit and that the evidence supports their claims. However, Plaintiff and Plaintiff's Counsel recognize and acknowledge the expense, complexities, and length of continued proceedings necessary to prosecute the Action through trial, and appeals, along with the litigation risk, including risk of a defense verdict stemming from Defendant's defenses.

4.2    Plaintiff and Plaintiff's Counsel have considered the uncertain outcome and the risk of the Action as well as the difficulties, delays, and risks of collection inherent in litigation.

4.3    Plaintiff and Plaintiff's Counsel believe that the Settlement Agreement confers substantial benefits upon Plaintiff and is fair, reasonable, adequate, and in the best interests of Plaintiff.

4.4    Plaintiff agrees and acknowledges that he must execute this Settlement Agreement as a condition precedent to this Settlement Agreement.

## 5. SETTLEMENT APPROVAL, REQUIRED EVENTS, AND COOPERATION BY THE PARTIES

5.1    <u>Approval of Settlement</u>: The Parties agree to the following terms for purposes of obtaining settlement approval:

5.1.1   As soon as reasonably practicable, the Parties will submit a Joint Motion for Approval of Settlement, with the Settlement Agreement including all Exhibits submitted, to the Court for its approval and jointly move the Court for entry of an Order substantially in the form of Exhibit 1, which will determine that the Settlement Agreement and its terms are fair and reasonable, fully and finally approve the Settlement, and dismiss the Action with prejudice.

5.2    <u>Good Faith Cooperation</u>: The Parties represent and acknowledge that they intend to implement the Settlement Agreement. The Parties shall, in good faith, cooperate and assist with and undertake all reasonable actions and steps to accomplish all required events, and shall use their best efforts to implement all terms and conditions of the Settlement Agreement.

## 6. TOTAL SETTLEMENT AMOUNT

6.1    As consideration for Plaintiff's agreement to be bound by the terms of this Settlement Agreement and Release, Defendant agrees to pay a total sum of Thirteen Thousand and 00/100 Dollars ($13,000.00) ("Total Settlement Amount"), less any applicable withholdings, which shall cover, resolve, and fully satisfy any and all amounts due under this Agreement, including: (1) Settlement Payments to be paid to Plaintiff; and (2) Attorneys' Fees and Costs.

## 7. SETTLEMENT PAYMENTS

7.1  From the Total Settlement Amount, Defendant will pay a Settlement Payment to Plaintiff. Settlement Payments are specifically and only as follows:

   7.1.1  To Plaintiff Michael Goudle, a Settlement Payment of $6,782.55, less legally-required withholdings as noted below, which shall be payable and allocated as follows:

   (a)  A check in the amount of $3,391.28, less lawful deductions and withholdings, made payable to Michael Gouldie for all alleged FLSA or other wage damages. Defendant shall issue an IRS Form W-2 in connection with this payment.

   (b)  A check in the amount of $3,391.27 made payable to Michael Gouldie, which shall constitute the entire amount payable to Plaintiff for alleged liquidated damages under the FLSA. This sum shall be paid without any deduction for taxes or other withholdings and reported as "other income" on IRS Form 1099-MISC (Box 3).

7.2  By so agreeing to make such Settlement Payments, Defendant does not concede that damages are appropriate here.

## 8. ATTORNEYS' FEES AND COSTS

8.1  From the Total Settlement Amount, Defendant will make a payment to Plaintiff's Counsel for Attorneys' Fees and Costs in the amount of $6,217.45.

   8.1.1  Defendant shall report the payment to Plaintiff's Counsel on a Form 1099 with 1099 issued to Plaintiff for same amount pursuant to IRS rules, for which Plaintiff can take a line-item deduction.

   8.1.2  By accepting the Attorneys' Fees and Costs payment below, Gouldie's lawyers represent and warrant that except for the pending three arbitrations against Hire Dynamics on behalf of Amaro, Henderson and Wilson, they do not currently have any retention or retainer agreement, or attorney-client relationship, with any other current or former employees of any Releasees to pursue any claims against any Releasees.

## 9. WAIVER, RELEASE, AND DISMISSAL

9.1  Upon the Settlement Effective Date, the Parties will be bound by the terms and conditions of this Settlement Agreement.

9.2  Upon the Settlement Effective Date, Plaintiff, on behalf of himself and his respective agents, representatives, executors, estates, heirs, administrators, attorneys, insurers, successors and assigns shall be deemed to have forever released and discharged the Releasees from any and all Released Claims, shall covenant not to sue the Releasees with respect to any Released Claims, and will be permanently and forever barred from suing or otherwise asserting any Released Claim against any of the Releasees.

9.3     In exchange for this release of claims by Plaintiff, Defendant, will make all payments owed pursuant to this Settlement Agreement within fourteen business days after the Settlement Effective Date.

9.4     Notwithstanding any other provision of this Settlement Agreement, nothing in this Settlement Agreement is intended to restrict Plaintiff from contacting, assisting, or cooperating with any government agency; provided, however, that Plaintiff shall not seek or accept damages, reinstatement, or similar personal relief as to any Released Claim.

9.5     Plaintiff represents and warrants that he has not sold, assigned, pledged, or otherwise transferred any Released Claims.

## 10.    MISCELLANEOUS PROVISIONS

10.1    Plaintiff agrees and covenants that Plaintiff has not and will not at any time apply or reapply for a position of employment with Defendant or any of the Releasees.

10.2    Plaintiff will be responsible for reporting such amounts on his tax returns and paying all applicable taxes on such amounts. Plaintiff agrees to indemnify and hold Defendant and the Released Parties harmless from any and all liability that may result from, or arise in connection with, his failure to file and pay such taxes on any amounts received pursuant to this Settlement except that Defendant shall be responsible for the employer portion of any payroll taxes.

10.3    The Parties agree to take all steps as may be reasonably necessary to secure approval of the Settlement Agreement, to the extent not inconsistent with its terms, and will not take any action adverse to each other in obtaining Court approval, and, if necessary, appellate approval of the Settlement Agreement in all respects.

10.4    The signatories represent that they are fully authorized to enter this Settlement Agreement and bind the Parties to the terms and conditions of this Settlement Agreement.

10.5    The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Settlement Agreement. The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to implement this Settlement Agreement and the terms and conditions set forth herein.

10.6    As soon as practicable after execution of this Settlement Agreement, and within the time frames set forth herein, Plaintiff's Counsel shall, with the assistance and cooperation of Defendant and Defense Counsel, take all necessary steps to secure the Court's approval of this Settlement Agreement.

10.7    The Parties agree to a stay of all proceedings in the Action, except such proceedings as may be necessary to complete and implement the Settlement Agreement, pending Court approval of the Settlement.

10.8 This Settlement Agreement shall be interpreted and enforced under federal law and under the laws of the State of Georgia without regard to its conflicts of law provisions.

10.9 The Parties acknowledge that they have been represented by competent, experienced counsel throughout all arms-length negotiations that preceded the execution of this Settlement Agreement, and that this Settlement Agreement is made with advice of counsel who have jointly prepared this Settlement Agreement.

10.10 Any claim concerning enforcement of the Settlement Agreement will be resolved solely and exclusively by the Court, and the Parties hereby consent to the personal jurisdiction of the Court over them in connection therewith.

10.11 The terms of this Settlement Agreement are confidential, except to the extent Defendant (or its ultimate corporate parent) is required to disclose certain financial terms of the Settlement to satisfy their reporting obligations to shareholders and the U.S. Securities and Exchange Commission. For purposes of approving the Settlement Agreement, the Parties agree to submit the Settlement Agreement for approval by the Court. Even after the Settlement Agreement is submitted with the Court and approved by the Court, the Parties agree to keep the amounts paid to each Plaintiff confidential. This includes not publicizing or disclosing the specific monetary amounts Plaintiff is to receive under this Settlement, either directly or indirectly, that is, through agents, attorneys, or any other person or entity, either in specific or as to general existence or content, to any media, including on the internet and social media including, but not limited to Facebook, Twitter, MySpace, personal blogs and websites, the public generally, or any individual or entity. Notwithstanding the foregoing, the Parties may also disclose information concerning this Settlement Agreement to their respective immediate families, counsel, and tax advisors who have first agreed to keep said information confidential and to not disclose it to others. Notwithstanding the foregoing, Defendant may disclose the specific financial terms of this Settlement Agreement for legal, accounting, and legitimate business purposes in accordance with their usual business practices, and as required by law.

10.12 The Parties to this Settlement Agreement participated jointly in its negotiation and preparation. Accordingly, it is agreed that no rule of construction will apply against any Party or in favor of any Party, and any uncertainty or ambiguity will not be interpreted against one Party and in favor of the other.

10.13 The terms and conditions of this Settlement Agreement constitute the exclusive and final understanding and expression of all agreements between the Parties with respect to the resolution of the Action. Plaintiff and Defendant accept entry of this Settlement Agreement based solely on its terms, and not in reliance upon any representations or promises other than those contained in this Settlement Agreement. This Settlement Agreement may be modified only by writing and signed by the Parties and approved by the Court.

10.14 This Settlement Agreement and its Exhibits contain the entire agreement between the Parties relating to the Settlement Agreement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or a party's legal counsel, are merged in this Settlement Agreement. No rights may be waived except in writing.

10.15 This Settlement Agreement may be executed in one or more actual or electronically reproduced counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

10.16 In the event one or more of the provisions contained in this Settlement Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect the same shall not affect any other provision of this Settlement Agreement but this Settlement Agreement shall be construed as if such invalid, illegal, or unenforceable provisions had never been contained herein.

10.17 This Settlement Agreement shall be binding upon the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

10.18 In the event of conflict between this Settlement Agreement and any other document prepared pursuant to the Settlement, the terms of the Settlement Agreement supersede and control. Captions in this Settlement Agreement are for convenience and do not in any way define, limit, extend, or describe the scope of this Agreement or any provision in it.

10.19 Unless otherwise stated herein, any notice to the Parties required or provided for under this Settlement Agreement will be in writing and may be sent by electronic mail, hand delivery, or U.S. mail, postage prepaid, as follows:

| If to Plaintiff's Counsel: | If to Defense Counsel: |
|---|---|
| Carl A. Fitz | Maggie Santen |
| Josephson Dunlap, LLP | Ogletree, Deakins, Nash, |
| 11 Greenway Plaza | Smoak & Stewart, P.C. |
| Suite 3050 | 201 South College Street |
| Houston, TX 77046 | Suite 2300 |
|  | Charlotte, NC 28244 |

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

Dated: **Feb 18, 2022**

Plaintiff Michael Gouldie

*Michael Gouldie*
Michael Gouldie (Feb 18, 2022 16:55 EST)

Dated: 02/21/2022

Defendant Trace Staffing Solutions, LLC

By: *Sarah Sunderman*

Sarah Sunderman

Its Sr. Director of HR

# **EXHIBIT 1**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MICHAEL GOULDIE,<br>            Plaintiff,<br><br>v.<br><br>TRACE STAFFING SOLUTIONS, LLC,<br>            Defendant. | CIVIL ACTION<br>NO. 5:21-cv-00088-TES |

**[PROPOSED] ORDER GRANTING JOINT MOTION FOR SETTLEMENT APPROVAL**

This matter comes before the Court on the Joint Motion For Settlement approval ("Joint Motion") filed by Plaintiff Michael Gouldie ("Plaintiff") and Defendant Trace Staffing Solutions, LLC ("Defendant") (collectively "the Parties") in the above-captioned action. Upon review of the Joint Motion and the terms of the Settlement Agreement and Release reached, and having otherwise reviewed the record and pleadings in this action, the Court makes the following observations and conclusions and renders the following Order:

1. Plaintiff, a former employee of Defendant, filed a Complaint on March 15, 2021 alleging that Defendant improperly classified him as exempt employees and failed to pay overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA").

2. Defendant denies Plaintiff's allegations that he was misclassified, that he was not compensated properly, that he is entitled to overtime compensation, and that he is entitled to any damages whatsoever under the FLSA.

3. To avoid potentially costly and protracted litigation, the Parties desire to fully and finally resolve this action with prejudice, as to all counts, claims, and parties under the FLSA. The

parties seek the Court's approval of the settlement terms pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982).

4. Counsel for the Parties provided the Court with all information necessary to rule upon this motion, including the sums to be paid by Defendant to Plaintiff in consideration for the agreement to fully and finally resolve this matter with prejudice. Counsel for the Parties represented to the Court that, in counsels' opinions, the amount to be paid by Defendant to Plaintiff represents a fair and reasonable compromise of his claims in light of the cost and risk of continued litigation. These risks include, without limitation, that Defendant could prevail outright on the merits or that the Court finds the FLSA's two-year statute of limitations applies–either of which could foreclose Plaintiff's rights to any recovery in this action.

5. Counsel for the Parties also disclosed to the Court the amount to be paid by Defendant to Plaintiff's counsel as attorneys' fees and costs.

6. Pursuant to *Lynn's Food Stores*, the Court finds that the settlement terms, including the amounts to be paid to Plaintiff and his counsel, represent a fair, reasonable, and just compromise of disputed issues, and that the settlement proposed by the Parties is hereby approved.

7. The Parties have been represented by experienced employment counsel throughout the litigation. There is no evidence of fraud or collusion with respect to the settlement; rather, the Parties desire to fully and finally resolve this action efficiently, without resort to costly or lengthy litigation, particularly with the inherent risk associated with continued litigation for Plaintiff and Defendant.

8. This Order is a final order for appellate purposes as it disposes of the issues in this litigation subject to the Court reserving jurisdiction to enforce the terms of the settlement.

WHEREFORE, it is hereby ORDERED AND ADJUDGED that the Joint Motion is GRANTED. It is further ORDERED AND ADJUDGED that this case is DISMISSED WITH PREJUDICE.

DONE AND ORDERED this _____ day of _____, 2022.

_____
HONORABLE TILMAN E. (TRIPP) SELF
UNITED STATES DISTRICT JUDGE