# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **MICHAEL GOULDIE, individually,**  *Plaintiff*,  v.  **TRACE STAFFING SOLUTIONS, LLC.,**  *Defendant*. | **CIVIL ACTION NO.**  **5:21-cv-00088-TES** |

### ORDER DENYING JOINT MOTION FOR SETTLEMENT APPROVAL

Plaintiff Michael Gouldie alleges in his Complaint that Defendant Trace Staffing Solutions, LLC, "improperly classified him as an exempt employee and failed to pay overtime" in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* [Doc. 30, p. 1]. Trace Staffing "denies Plaintiff's allegations that he was improperly classified as an exempt employee, that he was not compensated properly, that he is entitled to overtime compensation, and that he is entitled to any damages whatsoever under the FLSA." [*Id.*].

Nevertheless, having understood the risks of continuing to litigate this matter, Plaintiff and Trace Staffing have reached a settlement despite their recognition that a bona fide dispute exists as to liability for Plaintiff's asserted wage-related claims. [*Id.* at pp. 1–2]. In order to finalize their settlement, they have submitted a Joint Motion for

Settlement Approval [Doc. 30]. However, for the following reasons, the Court must **DENY** Plaintiff and Trace Staffing's motion **without prejudice**.

## DISCUSSION

### A.     Legal Standard for FLSA Settlement Agreement Approval

In the Eleventh Circuit, actions brought under the FLSA may not be settled privately; instead, the Department of Labor must supervise the payment of back wages, or a court must enter a stipulated judgment after it has determined that the proposed settlement is "a fair and reasonable [resolution] of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). Additionally, a court must review the reasonableness of attorneys' fees to ensure that counsel is adequately compensated and that no conflict of interest affects the amount the plaintiff-employee recovers under the agreement. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).

### B.     The Parties' Pervasive-Release Language

The Court cannot approve the Proposed Settlement Agreement and Release [Doc. 30-1] as submitted because it contains what courts refer to as a "pervasive release" within a provision entitled "Released Claims." [Doc. 30-1, p. 2, ¶ 1.11]. The essence of this provision requires Plaintiff to refrain from participating in lawsuits against Trace Staffing. "Such releases are typified by broad, sweeping language that exempts a defendant from claims that a plaintiff has not brought or, in some cases, claims of which

2

a plaintiff is not yet aware." *Engledow v. Houston Lake Funeral Home, LLC*, No. 5:18-cv-00146-TES, 2019 WL 2358404, at *1 (M.D. Ga. June 4, 2019). These releases often include claims that are "'known and unknown,' or 'past, present, and future,' or 'statutory or common law,' or other claims included among the boiler plate, but encompassing, terms unfailingly folded into the typical general release." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) (footnote omitted). These kinds of provisions are unacceptable because

> [a]n employee who executes a broad release effectively gambles, exchanging unknown rights for a few hundred or a few thousand dollars to which he is otherwise unconditionally entitled. In effect, the employer requests a pervasive release in order to transfer to the employee the risk of extinguishing an unknown claim. . . . [A] pervasive release is a 'side deal' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee. . . . Although inconsequential in the typical civil case . . . , an employer is not entitled to use an FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA.

*Id.* at 1351.

Basically, a pervasive release allows the defendant-employer, Trace Staffing, to stack the odds—"to confer[ ] an uncompensated, unevaluated, and unfair benefit on [itself]." *Id.* at 1352. Should the plaintiff-employee discover in the future that a claim accrued prior to the date he entered the settlement agreement, he can seek no relief and must content himself with money (1) that the defendant-employer paid to him months or even years before he became aware of the new claim, (2) that was not related in any

way to the newly discovered claim, and (3) that he would have been entitled to in the absence of a pervasive release. *See id.* at 1352 ("The employer who obtains a pervasive release receives either nothing (if no claim accrues) or a windfall at the expense of the unlucky employee. In either instance, the employee bears the risk of loss, and the employer always wins—a result that is inequitable and unfair in the circumstance. The employer's attempt to 'play with house money' fails judicial scrutiny.").

The relevant portion of concern from the Proposed Settlement Agreement and Release in this case states verbatim,

> **1.11** **<u>Released Claims:</u>** means any and all claims, demands, causes of action, rights to relief, fees and liabilities of any kind, whether known or unknown, either that were asserted in or could have been asserted in the Action, that Plaintiff has or may have against any of the Releasees (as defined below), from the beginning of time through the Effective Date, including, but not limited to, all claims under common contract law, tort, or other law, as well as all claims, under federal, state, local, or foreign laws, including but not limited to all claims arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*

[Doc. 30-1, p. 2]. Essentially, the foregoing provision prohibits Plaintiff from asserting a particular lawsuit against Trace Staffing in the future that would be unrelated to causes of action brought under the FLSA. This, Plaintiff and Trace Staffing may not agree to without additional consideration.[1] FSLA settlements permit the release of any and all

---

[1] In *Gwara v. B&G Equipment Company*, the Court approved pervasive-release language where the parties "entered into a separate agreement in conjunction with the settlement of [the plaintiff's] FLSA claims." No. 5:21-cv-00111-TES, (M.D. Ga. May 14, 2021), ECF No. 3. In that separate agreement, Gwara, in exchange for additional consideration in the amount of $100 "agreed to a general release of all claims arising out of her employment relationship with" B&G Equipment Company as well as claims wholly unrelated to the value of her FLSA claim. *Id.* at p. 2.

4

FLSA violations—and only FLSA violations—preceding the date of execution of a proper settlement agreement. *See, e.g.*, Order Denying Without Prejudice Joint Motion for Settlement Approval, *Bailey v. Strippers, Inc.*, No. 5:18-cv-00128-TES (M.D. Ga. Mar. 18, 2019), ECF No. 34.

The language included in this provision is pervasive in its requirement that Plaintiff relinquish any claims that he currently has but of which he is not aware, and that he must relinquish claims that are unrelated to the instant FLSA action. *See Moreno*, *supra* ("[A]n employer is not entitled to use an FLSA claim . . . to leverage a release from liability unconnected to the FLSA."); *cf. Nichols v. Dollar Tree Stores, Inc.*, No. 1:13-CV-88 (WLS), 2013 WL 5933991, at *2–3 (M.D. Ga. Nov. 1, 2013) (refusing to approve a settlement agreement containing pervasive releases of claims to include "any other claims or demands [Plaintiff] may have on any basis" arising under statutes other than the FLSA). As such, the Court cannot approve the Proposed Settlement Agreement with such pervasive-release language included.

## CONCLUSION

Accordingly, the Court **REJECTS** the Proposed Settlement Agreement [Doc. 30-1] and **DENIES** Plaintiff and Trace Staffing's Joint Motion for Settlement Approval [Doc. 30] **without prejudice**. The parties are **ORDERED** to submit a revised proposed settlement agreement, in full, within 14 days of the date of this Order or inform the Court of their intention to proceed with the case. Upon receipt, the Court will review

the parties' revised settlement agreement to ensure that it comports with the mandates discussed above.

      **SO ORDERED**, this 28th day of February, 2022.

                                      S/ Tilman E. Self, III
                                      **TILMAN E. SELF, III, JUDGE**
                                      **UNITED STATES DISTRICT COURT**