IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MICHAEL GOULDIE, individually and on behalf of all others similarly situated,**<br><br>*Plaintiff,*<br><br>v.<br><br>**TRACE STAFFING SOLUTIONS, LLC.,**<br><br>*Defendant.* | **CIVIL ACTION NO.**<br>**5:21-cv-00088-TES** |

**ORDER GRANTING AMENDED JOINT
MOTION FOR SETTLEMENT APPROVAL**

Plaintiff Michael Gouldie alleges in his Complaint that Defendant Trace Staffing Solutions, LLC, "improperly classified him as an exempt employee and failed to pay overtime" in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* [Doc. 32, p. 1]. Trace Staffing "denies Plaintiff's allegations that he was improperly classified as an exempt employee, that he was not compensated properly, that he is entitled to overtime compensation, and that he is entitled to any damages whatsoever under the FLSA." [*Id.*].

Nevertheless, having understood the risks of continuing to litigate this matter, Plaintiff and Trace Staffing have reached a settlement despite their recognition that a bona fide dispute exists as to liability for Plaintiff's asserted wage-related claims. [*Id.* at pp. 1–2]. To finalize their settlement, the parties submitted a Joint Motion for Settlement

Approval [Doc. 31]. However, the Court previously denied that settlement because the Proposed Settlement Agreement [Doc. 30-1] contained impermissible pervasive-release language. *See generally* [Doc. 31]. Now, the parties have amended their Settlement Agreement [Doc. 32-1] and have submitted an Amended Joint Motion for Settlement Approval [Doc. 32]. For the reasons stated below, the Court **GRANTS** their Amended Joint Motion for Settlement Approval [Doc. 32].

## DISCUSSION

### A. Legal Standard

In the Eleventh Circuit, FLSA actions may not be settled privately; instead, the Department of Labor must supervise the payment of back wages or a court must enter a stipulated judgment after it has determined that the proposed settlement is "a fair and reasonable [resolution] of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).

### B. The Parties' Amended Settlement Agreement

The Court read and considered the parties' revised Settlement Agreement [Doc. 32-1], and it now contains only narrow release language pertaining only to claims arising under the FLSA through the date of settlement. [Doc. 32-1, p. 2, ¶ 1.11]. Upon review, the Settlement Agreement submitted with the parties' Amended Joint Motion for Settlement Approval comports with all requirements of the FLSA, are fair and

reasonable, and contain no problematic provisions. Accordingly, it is due to be **APPROVED**.

## CONCLUSION

Having reviewed the parties' Amended Joint Motion for Settlement Approval [Doc. 32] in connection with their amended Settlement Agreements [Doc. 32-1], the Court determines that it is in accordance with the mandates discussed in the Court's previous Order [Doc. 31]. For this reason, the Court **GRANTS** the parties' Amended Joint Motion for Settlement Approval [Doc. 32].

It is **FURTHER ORDERED** that the parties shall perform in accordance with the written Settlement Agreement [Doc. 32-1] as submitted to this Court on March 9, 2022.

It is **FURTHER ORDERED** that this Order is a final order for appellate purposes as it disposes of the issues in this litigation subject to the Court reserving jurisdiction to enforce the terms of the settlement.

Finally, it is **ORDERED** that this case be **DISMISSED with prejudice**.

**SO ORDERED**, this 10th day of March, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**